IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 1:12-CR-435-1 |
| | § | |
| TOMÁS YARRINGTON RUVALCABA | § | |

## DEFENDANT'S MOTION TO DISMISS COUNT 4 UNDER ARTICLE XVI OF THE U.S.-ITALY EXTRADITION TREATY (THE RULE OF SPECIALTY)

TO THE HONORABLE HILDA TAGLE,
SENIOR UNITED STATES DISTRICT JUDGE:

NOW COMES TOMÁS YARRINGTON RUVALCABA, Defendant herein, by and through his counsel, and moves under Article XVI of the U.S.-Italy extradition treaty (the rule of specialty) to dismiss Count 4 of the superseding indictment, on the ground that Italy expressly declined to extradite Yarrington for prosecution on that count.

## ARGUMENT

In 2018, Italy extradited Yarrington to the United States under the U.S.-Italy extradition treaty (attached as Exhibit A). The Italian order authorizing Yarrington's extradition (attached as Exhibit B, with certified English translation attached as Exhibit C) expressly declined to extradite Yarrington on Count 4, on the ground that the conduct alleged in that count does not constitute an offense under Italian law. Exhibit C at 4 (noting that the Italian court certifying the extradition did so "with the exclusion of the crime included in the fourth charge, since the event is not regarded as a crime by the Italian system"), 7 (omitting Count 4 from the charges for which extradition is granted).

Article XVI(1)(a) of the extradition treaty declares that "[a] person extradited under this Treaty may not be detained, tried or punished in the Requesting Party [here, the United States] except for . . . the offense for which extradition has been granted or when the same facts for which extradition has been granted or when the same facts for which extradition was granted constitute a differently denominated offense which is extraditable."  Exhibit A at 11.  This provision embodies the "rule of specialty."  As Article XVI makes clear, the rule of specialty protects the extraditee against prosecution for any charge on which the requested country declines to extradite.  *See, e.g. Johnson v. Browne*, 205 U.S. 309, 321-22 (1907); *United States v. Rauscher*, 119 U.S. 407, 424, 430 (1886); *United States v. Fontana*, 869 F.3d 464, 468-70 (6th Cir. 2017); *United States v. Andonian*, 29 F.3d 1432, 1435 (9th Cir. 1994); *United States v. Levy*, 905 F.2d 326, 328 n.1 (10th Cir. 1990).[1]

The rule of specialty incorporated in Article XVI prohibits prosecution of Yarrington on Count 4.  That rule applies with particular force because Italy did not merely remain silent on Count 4, but expressly rejected extradition on that count on the ground that the charge did not allege a crime under Italian law.[2]  The Supreme Court has

_____

[1] The Fifth Circuit has not determined whether an extradited person may invoke the rule of specialty to defeat prosecution.  *See, e.g., United States v. LeBaron*, 156 F.3d 621, 627 (5th Cir. 1998) ("Whether Aaron has standing to raise the doctrine of specialty is an undecided issue in this circuit."); *United States v. Lawrence*, 2014 U.S. Dist. LEXIS 11730, at *6-*7 n.2 (S.D. Tex. Jan. 30, 2014) ("The Fifth Circuit has indicated--though has not stated explicitly--that only an extraditing nation, and not an individual defendant, can raise the issue that the Rule of Specialty has been violated.").  Decisions from other circuits, however--particularly the Sixth Circuit's decision in *Fontana*--demonstrate that individual extraditees have standing to assert the rule of specialty.

[2] Because (as the Italian court found) Count 4 does not charge a crime under Italian law, it is not an extraditable offense under Article II(1) of the U.S.-Italy extradition treaty, which incorporates the requirement of dual criminality.  Exhibit A at 5; *see also* Exhibit C at 7

emphasized that the rule of specialty most clearly bars prosecution "where the Government surrendering the person has refused to make the surrender for the other offense on the ground that such offense was not one covered by the treaty." *Johnson*, 205 U.S. at 321. That is exactly what Italy did here on Count 4.

Because Italy expressly declined to extradite Yarrington for prosecution on Count 4, that count must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court dismiss Count 4 of the superseding indictment.

---

(declaring that "[t]he extradition [of Yarrington] was agreed with the express safeguard of the specialty rule in accordance with Art. XVI of the Bilateral Treaty of extradition between Italy and the United States of America").

Respectfully submitted,

/s/ Chris Flood
Chris Flood
Federal I.D. No. 9929
Email: chris@floodandflood.com
FLOOD & FLOOD
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877
(713) 223-8879 fax

/s/ Mervyn Mosbacker, Jr.
Mervyn Mosbacker, Jr.
Email: mervynmosbacker@yahoo.com
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
(713) 526-2246

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Assistant United States Attorney Jon Muschenheim who stated the United States recognizes that, under international law, Count Four must be dismissed at this point as to Defendant Yarrington only.

*/s/ Chris Flood*
Chris Flood

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to all filing users.

*/s/ Chris Flood*
Chris Flood