

# *Ministero della Giustizia*

### Dipartimento per gli Affari di Giustizia
### Direzione Generale della Giustizia Penale
### Ufficio II – Cooperazione Giudiziaria Internazionale

PEC: prot.dag@giustiziacert.it
email: ufficio2.dgpenale.dag@giustizia.it
tel. 0668852180 - fax 0668897528
Via Arenula 70 – 00186 Roma

**URGENTE**

Ns. riferimento
**EP 14(17)AR**
Da citare nella risposta



Roma, 1 8 APR. 2018

Al Ministero degli Affari Esteri
D.G.I.E.P.M.-Ufficio IV  - **ROMA**
*RIF: 107307*

Al Dipartimento della Giustizia presso l'Ambasciata
degli Stati Uniti d'America - **ROMA**
FAX: 06 46742266

Al Ministero dell'Interno
Direzione Centrale Polizia Criminale
Divisione INTERPOL- **R O M A**

e p.c.

Alla Procura Generale
della Repubblica presso
la Corte d'Appello di
**FIRENZE**
Prot. n. 13/2017 Reg. Estr. P.

Alla Corte d'Appello di **FIRENZE**
18/17 R. ESTRADIZIONI

Alla Direzione della Casa circondariale "SOLLICCIANO" - **FIRENZE**

Al Dipartimento dell'Amministrazione Penitenziaria
Direzione Generale dei detenuti e del Trattamento
Ufficio I – **ROMA**



PROCURA GENERALE DELLA REPUBBLICA
FIRENZE
1 9 APR 2018
Prot.

EXHIBIT B

**OGGETTO: YARRINGTON RUVALCABA Tomas Yesus**, nato in Messico il 7.3.1957. – Decreto di estradizione dall'Italia negli Stati Uniti d'America.

Con decreto del 18.4.2018, di cui si invia copia, il Ministro della Giustizia ha accordato al Governo degli Stati Uniti d'America l'estradizione di YARRINGTON RUVALCABA Tomas Yesus.

Si chiede al **Ministero degli affari esteri** di voler comunicare ufficialmente quanto precede alle autorità statunitensi, trasmettendo loro una copia del decreto ed informandole che YARRINGTON RUVALCABA Tomas Yesus è in detenzione dal 9.4.2017.

Si chiede alla **Procura Generale in indirizzo** di voler cortesemente comunicare il decreto di estradizione, tradotto in lingua spagnola, a YARRINGTON RUVALCABA Tomas Yesus e di porlo a disposizione dell'autorità di polizia competente per la sua traduzione al luogo di consegna.

Si conferisce al **Ministero dell'Interno Interpol** l'incarico di concordare urgentemente con le competenti autorità estere il luogo e le altre modalità di dettaglio della consegna dell'estradando, specificando che essa dovrà avere luogo **a partire dal 19 aprile 2018 e non oltre il 5 maggio 2018**, ed evidenziando altresì che, secondo quanto previsto dall'art. XIII par. 3 del Trattato bilaterale di estradizione sottoscritto a Roma il 25 giugno 2003, qualora YARRINGTON RUVALCABA Tomas Yesus non venisse estradato entro tale termine, potrebbe essere rimesso in libertà, salvo che venga concordata una nuova data per la consegna.

Con l'estradando dovranno essere consegnati gli oggetti e i valori sequestratigli pertinenti ai reati per i quali l'estradizione è concessa.

Restando in attesa di riscontro, si ringrazia per la cortese collaborazione.

IL DIRETTORE DELL'UFFICIO
Stefano Opilio

EXHIBIT B

 

# Ministero della Giustizia

**VISTA** la domanda del Governo degli Stati Uniti d'America per l'estradizione del cittadino messicano **YARRINGTON RUVALCABA Tomas Yesus**, nato in Messico il 7.3.1957, sulla base del mandato di arresto emesso il 22.5.2013 dal Gran Giurì federale della Corte Distrettuale degli Stati Uniti per il Distretto Meridionale del Texas, perché sia giudicato per 11 imputazioni contestate all'estradando con l'*indictment* (atto di accusa finalizzato al giudizio), ed in particolare: per la partecipazione ad un'impresa criminale finalizzata alla commissione di attività di *racket* (capo 1); per la partecipazione ad un'associazione per delinquere (*conspiracy*) finalizzata al traffico di cocaina e marijuana, sostanze stupefacenti destinate all'importazione illecita negli Stati Uniti d'America (capo 2); per la partecipazione ad un'associazione per delinquere (*conspiracy*) finalizzata al riciclaggio di denaro (capo 3); per la partecipazione ad un'associazione per delinquere (*conspiracy*) finalizzata a produrre false dichiarazioni (capo 4); per la partecipazione ad un'associazione per delinquere (*conspiracy*) finalizzata a produrre false dichiarazioni per ottenere fondi di proprietà di istituti finanziari (capo 5); per la partecipazione a frodi nei confronti di istituti finanziari (capi 6, 7, 8, 9, 10); per la partecipazione ad un'associazione per delinquere (*conspiracy*) finalizzata ad evitare in Texas la presentazione di un rapporto obbligatorio da parte di un istituto finanziario (capo 11), reati commessi fra l'anno 1999 e l'anno 2004;

**CONSIDERATO** che tra la Repubblica Italiana e gli Stati Uniti d'America i rapporti in materia di estradizione sono regolati dal Trattato bilaterale sottoscritto a Roma il 13.10.1983, come modificato con l'Accordo bilaterale sottoscritto il 3.5.2006;

**VISTA** la sentenza pronunciata dalla Corte d'Appello di Firenze il 21.9.2017, che dichiara l'esistenza delle condizioni per l'accoglimento della domanda di estradizione, con l'esclusione del reato di cui al quarto capo di accusa, poiché il fatto non è previsto come reato dall'ordinamento italiano;

**RILEVATO** che, con sentenza del 26.2.2018, depositata in cancelleria il 4.4.2018, la Corte di Cassazione ha confermato la decisione della Corte d'Appello di Firenze per quanto riguarda l'estradizione negli Stati Uniti d'America di **YARRINGTON RUVALCABA Tomas Yesus**;

**ATTESO** che nei confronti di **YARRINGTON RUVALCABA Tomas** non risultano pronunziate nello Stato condanne, né pendenti procedimenti penali in ordine ai medesimi fatti per i quali l'estradizione è stata domandata;

EXHIBIT B

2

RILEVATO che i reati attribuiti a **YARRINGTON RUVALCABA Tomas** non hanno carattere politico e che non sono ravvisabili motivi per ritenere che la domanda d'estradizione sia stata avanzata allo scopo di perseguire o di punire la persona per considerazioni razziali, di religione o di opinioni politiche;

**RILEVATO** che i reati non sono puniti con la pena capitale nello Stato richiedente;

**RILEVATO** che per i reati di cui ai capi 1), 2) e 3) la legislazione statunitense prevede come pena massima la reclusione a vita;

**EVIDENZIATO** che la Suprema Corte ha affermato che l'emissione di una sentenza favorevole all'estradizione per l'estero non è esclusa dalla possibilità che all'estradando venga irrogata una pena detentiva a vita, purché l'ordinamento dello Stato richiesto preveda istituti che consentano di pervenire, in sede giudiziaria o amministrativa, ad una liberazione anticipata o ad una commutazione della pena, ove ricorrano ragioni umanitarie o progressi del condannato nel percorso rieducativo (sez. 6, n. 5747 del 9.1.2014, Homm);

**OSSERVATO** che, con specifico riferimento alle valutazioni in merito alla differenza tra il sistema punitivo statunitense e quello italiano con riguardo all'aspetto della finalità della pena, l'uno (quello statunitense) improntato su di una finalità retributiva e sanzionatoria, l'altro (quello italiano) su di una finalità di rieducazione, riabilitazione e risocializzazione del condannato:

a) il Trattato bilaterale in materia di estradizione tra l'Italia e gli Stati Uniti d'America prevede l'obbligo di estradare "le persone che siano perseguite o che siano state condannate dalle Autorità della parte richiedente per un reato che dà luogo all'estradizione" (art. I);
b) nella suddetta Convenzione non è prevista, una volta che sia stata valutata ed accertata la sussistenza dei presupposti come disciplinati e previsti normativamente, la possibilità, per la parte richiesta, di sottoporre a condizione la consegna in estradizione e, di conseguenza, di chiedere o pretendere assicurazioni in ordine alle modalità di esecuzione delle misure coercitive o della pena detentiva in caso di condanna;
c) come meglio specificato nel preambolo della Convenzione, il Ministro della Giustizia non può entrare, se non nei limiti di quanto espressamente indicato dal Trattato bilaterale, nel merito delle attività processuali del Paese richiedente, il quale opera secondo i termini previsti dalla propria normativa interna in tema di indicazione della pena edittale per quel tipo di reato, modalità ed esecuzione della pena concretamente inflitta, benefici penitenziari o altre determinazioni di organi governativi diretti ad incidere sull'effettivo periodo di detenzione;

 

3

d) in data 9 aprile 2018 il Department of Justice degli Stati Uniti d'America, in una nota ufficiale indirizzata al Ministero della Giustizia italiano, ha chiarito che: "Laddove un imputato è condannato per un reato vi sono almeno cinque modi per cui la sua pena può essere successivamente ridotta. Primo, l'imputato può presentare un appello avverso la sentenza/pena presso la Corte di Appello degli Stati Uniti nella sua giurisdizione sulle base che la pena è proceduralmente o sostanzialmente irragionevole. Secondo, il giudice che emette la sentenza può, su istanza del Direttore del Bureau of Prisons, ridurre il termine di incarcerazione se "straordinarie e convincenti motivi giustificano questa riduzione". Articolo 3582(c)(1)(A)(I) del Titlolo 18 del Codice degli Stati Uniti. Il Bureau of Prisons esercita la sua discrezionalità nei casi in cui tali ragioni "non potrebbero essere state ragionevolmente previste dalla corte al momento della condanna." Sezioni 571.60-571.64 Parte 28 del *Code of Federal Regulations* (che regolano il rilascio per gravi motivi familari). Queste generalmente riguardano detenuti con malattie terminali. Terzo, se l'imputato fornisce al Governo un'assistenza sostanziale nell'indagine o nel processo di una terza parte, il governo potrebbe presentare entro un anno della condanna un'istanza per la riduzione della pena. Vedi legge 35(b) del *Federal Rules of Criminal Procedure*; Articolo 3582(c)(1)(B) del Titolo 18 del Codice degli Stati Uniti. Quarto, se l'imputato è stato condannato all'ergastolo sulle basi di linee guida del *Sentencing Guidelines Manual* che vengono successivamente modificate, il giudice può ridurre il periodo di incarcerazione. Vedi Articolo 3582(c)(2) del Titolo 18 del Codice degli Stati Uniti. Infine, l'imputato può richiedere di commutare la sentenza al Presidente degli Stati Uniti, conforme all'Articolo II, sezione 2 della Costituzione statunitense. Vedi anche Sezioni 1.1-1.11 Part 28 del *Code of Federal Regulations* (leggi che regolano la clemenza esecutiva; Sezioni 571.40-571.41 (leggi che regolano il rilascio dal carcere)";

**EVIDENZIATO** che analoghe garanzie, con riferimento alla questione della durata della pena che potrebbe seguire ad un'eventuale condanna, sono state fornite dagli Stati Uniti d'America anche in altri casi, tra i quali quello relativo a Schuchter Kathe (estradizione richiesta all'Italia), rispetto al quale la Corte EDU ha emesso una sentenza che ha confermato ulteriormente la coerenza del sistema dell'applicazione della pena negli Stati Uniti con la giurisprudenza della CEDU (cfr. *Schuchter c. Italia*, Ricorso 68476/10, 11 ottobre 2011);

**RILEVATO** inoltre che la legge statunitense sull'imposizione della pena obbliga il giudice a scegliere una pena "sufficiente, ma non superiore a quanto necessario", per adempiere agli scopi della giustizia penale elencati nell'Articolo 3553(a) del Titolo 18 del Codice degli Stati Uniti, e che il giudice statunitense è tenuto a considerare la necessità che la pena fornisca all'imputato "il training educativo o professionale, cure mediche, o altri trattamenti correttivi nella maniera più efficace possibile" (Articolo 3553(a)), consentendo di superare le preoccupazioni circa un potenziale trattamento non compatibile sia con la finalità rieducativa della pena, sia eventualmente con le condizioni di salute del detenuto;

EXHIBIT B



4

**RITENUTO** doversi escludere che l'estradando sarà sottoposto a pene o trattamenti crudeli, disumani o degradanti, o comunque ad atti che costituiscono violazione dei diritti fondamentali della persona;

**RITENUTO** doversi escludere che la domanda di estradizione possa compromettere la sovranità, la sicurezza o altri interessi essenziali dello Stato;

**RITENUTO**, alla luce di quanto stabilito nella fase giudiziale del procedimento, che non sono ravvisabili motivi per rifiutare l'estradizione sulla base della disposizione di cui all'art. III del Trattato bilaterale;

**VISTI** gli artt. 697, 701, 708 c.p.p., e il Trattato di estradizione sopra richiamato;

## CONCEDE

al Governo degli Stati Uniti d'America l'estradizione del cittadino messicano **YARRINGTON RUVALCABA Tomas Yesus**, nato in Messico il 7.3.1957, sulla base del mandato di arresto emesso il 22.5.2013 dal Gran Giurì federale della Corte Distrettuale degli Stati Uniti per il Distretto Meridionale del Texas, perché sia giudicato per 10 imputazioni contestate all'estradando con l'*indictment* (atto di accusa finalizzato al giudizio), ed in particolare: per la partecipazione ad un'impresa criminale finalizzata alla commissione di attività di *racket* (capo 1); per la partecipazione ad un'associazione per delinquere (*conspiracy*) finalizzata al traffico di cocaina e marijuana, sostanze stupefacenti destinate all'importazione illecita negli Stati Uniti d'America (capo 2); per la partecipazione ad un'associazione per delinquere (*conspiracy*) finalizzata al riciclaggio di denaro (capo 3); per la partecipazione ad un'associazione per delinquere (*conspiracy*) finalizzata a produrre false dichiarazioni per ottenere fondi di proprietà di istituti finanziari (capo 5); per la partecipazione a frodi nei confronti di istituti finanziari (capi 6, 7, 8, 9, 10); per la partecipazione ad un'associazione per delinquere (*conspiracy*) finalizzata ad evitare in Texas la presentazione di un rapporto obbligatorio da parte di un istituto finanziario (capo 11), reati commessi fra l'anno 1999 e l'anno 2004.

L'estradizione è accordata con espressa salvaguardia della regola della specialità di cui all'art. XVI del Trattato bilaterale di estradizione fra Italia e Stati Uniti d'America.

Con l'estradando dovranno essere consegnati al Governo della Stati Uniti d'America gli oggetti e i valori eventualmente sequestrati, pertinenti ai reati per i quali l'estradizione è accordata.

Roma,   **18 APR. 2018**

IL MINISTRO

EXHIBIT B



# POLIZIA DI STATO
UFFICIO DI POLIZIA FRONTIERA AEREA
FIUMICINO

Sezione Polizia Giudiziaria, Amministrativa e Informativa

## Ufficio Polizia di Frontiera aerea
Fiumicino

Prot.: 0018927 del 20/04/2018 Uscita   Cod. Amm. m_it

FIUMICINO data del protocollo

TELEX IN PARTENZA

| | |
|---|---|
| CORTE D'APPELLO | FIRENZE |
| PROCURA GENERALE C/O LA CORTE D'APPELLO | FIRENZE |
| MINISTERO DELLA GIUSTIZIA- D.A.G. - D.G.G.P. –UFFICIO II° | ROMA |
| MINISTERO DELLA GIUSTIZIA D.A.P.- UFF. DETENUTI | ROMA |
| SERVIZIO COOPERAZIONE INTERNAZIONALE DI POLIZIA DIVISIONE INTERPOL – SIRENE | ROMA |
| (MI-123-U-B-2-1-4-2018-541-RM- INTERPOL) | |
| INTERNI SICUREZZA 400/C | ROMA |
| CASA CIRCONDARIALE | SOLLICCIANO |
| DIRIGENTE V^ ZONA P.DI F. | SEDE |

CONSEGNA IN ESECUZIONE DI MANDATO DI ARRESTO DEL DETENUTO. **YARRINGTON RUVALCABA TOMAS YESUS, NATO IL 07.03.1957 IN MESSICO**, PRIVO DI DOCUMENTI DI IDENTIFICAZIONE. SI COMUNICA CHE IN DATA ODIERNA, ALLE ORE 05.15 PERSONALE POLIZIA PENITENZIARIA DELLA CASA CIRCONDARIALE DI REBIBBIA N.C. - ROMA, ALLA PRESENZA DEL PERSONALE DI QUESTO ORGANISMO INVESTIGATIVO, HA PROCEDUTO ALLA CONSEGNA AI FUNZIONARI DELLA POLIZIA STATUNITENSE DEL DETENUTO IN OGGETTO INDICATO. I PREDETTI FUNZIONARI, UNITAMENTE AL DETENUTO, DOPO LE FORMALITA' DI RITO, PARTIVANO ALLE SUCCESSIVE ORE 06.40 CIRCA, CON IL VOLO COMPAGNIA N/A KLM KL1596 DIRETTO A AMSTERDAM (PAESI BASSI) PER PROSEGUIRE POI PER GLI STATI UNITI. DURANTE LE OPERAZIONI D'IMBARCO VENIVA FORNITA OGNI UTILE ASSISTENZA.

PER L'AUTORITÀ GIUDIZIARIA
CAPO SEZIONE POLIZIA GIUDIZIARIA V.Q.A. DOTT. G. DI LUCENTE

**ALTRI INDIRIZZI**
DIRIGENTE POLARIA FIUMICINO DR.SSA TABARRO

Sezione Polizia Giudiziaria Amministrativa ed Informativa c/o scalo aereo Fiumicino – via dell'Aeroporto
tel 06/65610475/406 - fax 06/6529343   e- mail: polaria.pg.fiumicino.rm@poliziadistato.it

1

EXHIBIT B



# POLIZIA DI STATO
UFFICIO DI POLIZIA FRONTIERA AEREA
FIUMICINO

Sezione Polizia Giudiziaria

**OGGETTO**: Verbale di consegna del detenuto:----------------------------------------------------------//
**YARRINGTON RUVALCABA Tomas Yesus**, nato il 07.03.1957 in Messico, privo di documenti di identificazione.----------------------------------------------------------------//

L'anno **2018** addì **20** del mese di Aprile alle ore 05.15 negli Uffici della Sez. di P.G. della Polizia di Frontiera Aerea di Fiumicino-Roma.------------------------------------------------------------------//
I sottoscritti Ufficiale e Agente di P.G. Sov. MEOGROSSI V. e A. C. C. SANTI Daniele e MAIANI Alessandro, appartenenti all'Ufficio in intestazione, diamo atto che in nostra presenza, personale della Polizia Penitenziaria della Casa Circondariale di Roma – Rebibbia, in data ora e luogo di cui sopra, ha affidato agli Ufficiali della Polizia Statunitense nelle persone di Mario CAMPOS, Gilberto EFRAIN CONTRERAS e DUSM Mark A. Aicega, il detenuto meglio in epigrafe indicato, trasferito negli Stati Uniti in virtù di un Mandato di Arresto emesso il 22.05. 2013 dal Gran Giurì Federale della Corte Distettuale degli Stati uniti per il distretto meridionale del Texas.-------------------------------------//
Il prevenuto, scortato dal suindicato personale Statunitense, partirà da questo scalo aereo, salvo imprevisti, con il volo della compagnia di n/a KLM KL 1596 delle ore 06.30 diretto ad Amsterdam (Paesi Bassi) per proseguire poi per gli Stati Uniti. ---------------------------------------------------//
Durante le fasi della consegna e dell'imbarco veniva fornita ogni utile assistenza, specificando che in caso di mancata partenza, il detenuto sarà ripreso in consegna dallo stesso Ufficio che lo ha qui condotto, che comunque, lascerà questo scalo aereo solo a decollo avvenuto.-----------------------------//
Di quanto sopra, è stato redatto il presente verbale, che previa lettura e conferma viene sottoscritto da tutti gli intervenuti.------------------------------------------------------------------------------//

Personale Pol. Pen.          Polizia Statunitense          Personale P.G. Polaria

Sezione Polizia Giudiziaria Amministrativa ed Informativa c/o scalo aereo Fiumicino – via dell'Aeroporto
tel 06/65610475/406 - fax 06/6529343   e-mail: polaria.pg.fiumicino.rm@poliziadistato.it

EXHIBIT B