

The Spanish Group LLC
1 Park Plaza, Suite 600
Irvine, CA 92614
United States of America
https://www.thespanishgroup.org

## Certified Translation

Furnished on the **8th** day of **January, 2020**

I, Valentina Castro ( *[signature]* ), hereby certify that I translated the attached document from Italian into English or English into Italian and that this translation is an accurate and faithful translation of the original document. Furthermore, I certify that I am proficient in translating both Italian and English and that I hold the capacity to render and certify the validity of such a translation. This document has not been translated for a family member, friend, or business associate.

I, Salvador G. Ordorica, as a Quality Assurance Agent of The Spanish Group LLC, hereby attest that the aforementioned translator is a proficient Italian-English translator. Accordingly, as an authorized representative of The Spanish Group, I verify that I have proofread this document and I certify that the attached document is a faithful and authentic translation of its original.

Respectfully,

*[signature]*

**Salvador G. Ordorica**
**The Spanish Group LLC**
**(ATA #267262)**



The Spanish Group LLC verifies the credentials and/or competency of its translators and the present certification, as well as any attached pages, serves to affirm that the document(s) enumerated above has/have been translated as accurately as possible from its/their original(s). The Spanish Group LLC does not attest that the original document(s) is/are accurate, legitimate, or has/have not been falsified. Through having accepted the terms and conditions set forth in order to contract The Spanish Group LLC's services, and/or through presenting this certificate, the client releases, waives, discharges and relinquishes the right to present any legal claim(s) against The Spanish Group LLC. Consequently, The Spanish Group LLC cannot be held liable for any loss or damage suffered by the Client(s) or any other party either during, after, or arising from the use of The Spanish Group LLC's services.

EXHIBIT C

1

[SIGNATURE]                                                                                                     [SIGNATURE]



Ministry of Justice
Department for Justice Affairs
General Directorate of Criminal Justice
Office II-International Judicial Cooperation
PEC prot.dag@giustiziacer.it
email: uffcio2.dgpenale.dag@giustizia.it
tel. 0668852180- fax. 0668897528
Via Arenula 70.00186 Rome .



URGENT
Our Reference
EP 14 (17) AR
It should be mentioned in the reply

Rome, April 18, 2018

To the Ministry of Foreign Affairs
DGIEPM Office IV - **ROME**
Ref. 107307

To the Department of Justice at the Embassy
of the United States of America- **ROME**
FAX: 06 46742266

To the Ministry of Interior
Central Directorate of Criminal Police
INTERPOL Division.- **ROME**

For your information

To the General Prosecutor
Of the Republic in
the Court of Appeals of **FLORENCE**
Prot. N. 13/2017 Reg. Estr. P.

To the Court of APPEALS of **FLORENCE**
18/17 R. EXTRADITIONS

To the Directorate of the Central Prison of "SOLLICCIANO"- **FLORENCE**

To the Department of Prison Management
General Directorate of prisoners and treatment.
Office I - ROME

| GENERAL PROSECUTOR OF THE REPUBLIC |
| APRIL 19TH, 2018 |
| PROT. N. |





EXHIBIT C

[SIGNATURE]                                                                                                                    [SIGNATURE]

**RE: YARRINGTON RUVALCABA Tomas Yesus,** born in Mexico City on 3.7.1957.- Decree of extradition from Italy to the United States of America.

By Decree dated 4.18.2018, annexed copy sent, the Minister of Justice granted the Government of the United States of America, the extradition of YARRINGTON RUVALCABA Tomas Yesus.

The **Ministry of Foreign Affairs** is requested to officially communicate the above to the US authorities, transmitting a copy of the decree and informing them that YARRINGTON RUVALCABA Tomas Yesus is detained since 4.9. 2017.

The **General Prosecutor of the Republic** indicated above is requested to communicate the extradition decree, translated into Spanish, to YARRINGTON RUVALCABA Tomas Yesus, and to make it available to the competent police authority to transfer it to the place of handover.

The **Interpol Ministry of Interior** is entrusted with the task of urgently agreeing with the foreign competent authorities the place and the other detailed modalities of the handover of the extradited subject, specifying that this must take place between **April 19, 2018 and May 5, 2018,** and further clarifying that, as provided by Article XIII part 3 of the bilateral Extradition Treaty signed in Rome on June 25, 2003, in case YARRINGTON RUV ALCABA Tomas Yesus was not extradited within the term mentioned above, he could be released, unless a new date for handover.

With the extradited subject, the objects and values that were confiscated relevant to the crimes for which the extradition was granted must also be handover.

Looking forward to a confirmation to this, thanks for the kind cooperation.

THE OFFICE DIRECTOR
(Illegible signature)
Stefano Opilio



EXHIBIT C



(Coat of Arms of the Italian Republic)

Ministry of Justice

**GIVEN** the request of the Government of the United States of America for the extradition of Mexican citizen **YARRINGTON RUVALCABA Tomas Yesus** born in Mexico City on 3.7.1957, based on the arrest warrant issued on 5.22.2013 by the Federal Grand Giurì of the United States District Court by the Southern District of Texas, to be tried for 11 charges informed to the extradited subject through the *indictment* ( indictment upon trial), and in particular: participation in a criminal activity of *racketeering* (charge 1); participation in association to commit a crime *(conspiracy)*, traffic of cocaine and marijuana, narcotics substances destined for unlawful import in the United States of America (charge 2); for participation in association to commit crimes *(conspiracy)*, money laundering (charge 3); participation in an association to commit crimes (*conspiracy*), produce false declarations (charge 4); participation in an association to commit crimes *(conspiracy)*, produce false declarations to obtain property through financial institutions (charge 5); participation in fraud against financial institutions (charge 6, 7, 8, 9, 10); participation in association to commit a crime *(conspiracy)* to avoid a mandatory report presentation in Texas by an financial institute (charge 11), crimes committed between the year 1999 and 2004;

**WHEREAS**, between the Italian Republic and the United States of America, relations in matters of extradition are regulated by the Bilateral Treaty signed in Rome, dated 10.13.1983 and modified by the bilateral agreement subscribed on 5.3.2006;

**GIVEN** the judgment issued by the Court of Appeals of Florence dated 9.21.2017, which declares the existence of the conditions to accept the request for extradition, with the exclusion of the crime included in the fourth charge, since the event is not regarded as a crime by the Italian system;

**WHEREAS**, with a judgment dated 2.26.2018, delivered to the ministry on 4.4.2018, the Court of Cassation [Supreme Court of Justice of the Nation], confirmed the decision of the Court of Appeals of Florence as regards the extradition to the United States of America of **YARRINGTON RUVALCABA Tomas Yesus;**

**GIVEN** that regarding **YARRINGTON RUVALCABA Tomas Yesus** there are no convictions in the Country, nor outstanding criminal proceedings for the same acts for which the extradition was requested;



1

EXHIBIT C

[SIGNATURE]  [SIGNATURE]

**CONSIDERING** that the crimes attributed to **YARRINGTON RUVALCABA Tomas Yesus** have no political character and that there is no reason to consider that the request for extradition has been made in order to prosecute or punish the person for his race, religious or political opinion conditions;

**WHEREAS** crimes are not punishable by capital punishment in the requesting State;

**WHEREAS** for the offenses referred to in charges 1), 2) and 3) US law provides the maximum penalty, for life imprisonment;

**EVIDENCING** that the Supreme Court affirmed that the issuance of a favorable sentence for extradition abroad does not exclude from the possibility for the extradited subject be imposed a penalty of for life imprisonment, provided that the order of the requesting State provides institutes that allow to send, in judicial or administrative headquarters, an early release or a commutation of the sentence , when there are humanitarian reasons or progress of the convicted person during the rehabilitation period . (Sec. 6, No. 5747 dated. 1.9.2014, Homm);

**NOTING** that, with specific reference to evaluations concerning the difference between the American and Italian punitive system for the purpose of penalty, the first one (American) is characterized by a retributive and sanctioning purpose, the other one (Italian) by the purpose of reeducation, rehabilitation and resocialization of the convicted:

    a)    the Bilateral Treaty in matters of extradition between Italy and the United States of America provides for the obligation to extradite "persons who are persecuted or who have been convicted by the Authorities of the requesting party for a crime that demands extradition" (Art. I);

    b)    in the aforementionned Convention it is not foreseen, once the subsistence of the assumptions has been verified as they are disciplined and provided for by regulations, the possibility, by the requested party, of subjecting the extradition and, consequently, requesting or claiming guarantees regarding the modalities of enforcement of coercive measures or imprisonment in case of conviction;

    c)    As explained in a more specific way in the preamble of the Convention, the Ministry of Justice may not grant, unless it is within the limits of what is expressly indicated by the Bilateral Treaty, in relation to procedural activities of the requesting country, which operates according to the terms provided by the internal regulations itself in terms of indicating the penalty provided by law for that type of crime, modality and execution of the specifically imposed penalty, prison benefits or other determinations of government bodies tending to influence the true period of seclusion;



EXHIBIT C

    d) on April 9, 2018 the Department of Justice of the United States of America, through an official note addressed to the Italian Ministry of Justice, clarified that: "In the event that a defendant is convicted of a crime, there are at least five ways by which their sentence can be successively reduced. First, the accused can file an appeal against the judgment/penalty before the United States Court of Appeals in its jurisdiction on the grounds that the penalty is procedurally or substantially unreasonable. Second, the judge issuing the sentence may, upon request of the Bureau of Prisons Director, reduce the term of imprisonment if "there are compelling and extraordinary grounds that justify this reduction. Article 3582 (c) (1) (A) (I) of Title 18 of the United States Code. The Bureau of Prisons exercises its discretion in the cases in which such reasons "have not been reasonably foreseen by the Court at the time of the sentence". Sections 571.60-571.64 Part 28 of the Code of Federal Regulations (which regulate release due to serious family conditions). These generally refer to detainees with terminal illnesses. Third, if the accused gives the Government substantial assistance in the investigation or in the process of a third party, the government could submit a request for the reduction of penalty during the first year of sentence. See law 35 (b) of the *Federal Rules of Criminal Procedure*, Article 3582 (c) (l) (B) of Title 18 of the United States Code. Fourth, if the accused has been sentenced to life imprisonment, under the guidelines of the *Sentencing Guidelines Manual* that are successively modified, the judge may reduce the period of imprisonment. See article 3582 (c) (2) of Title 18 of the United States Code. Finally, the accused may request to commute the sentence to the President of the United States, in accordance with Article 1.1-1.11 Part. 28 of the *Code of Federal Regulations* (laws regulating executory clemency; Sections 571.40- 571.41 (laws regulating the release of prison)";

**STATING** that analog guarantees, with reference to the question of the duration of sentence that could follow an eventual conviction, have been applied by the United States of America also in other cases, among which Schuchter Kathe's (extradition requested to Italy), with respect to this case, the Court EDU [European Court of Human Rights] issued a statement that further confirms the coherence of the system penalty in the United States with the jurisprudence of the CEDU [European Court of Human Rights] (cf. *Schuchter v. Italy* , Resource 68476/10, dated October 11, 2011);

**WHEREAS,** in addition to the US law on the imposition of penalty, the judge is required to choose a sentence "sufficient but not exceeding the necessary", to comply with the provisions of criminal justice, set forth in Article 3553 (a) of the Title 18 of the United States Code, and that the United States Judge is obliged to consider the need that the penalty seeks for the accused " educational or professional preparation, medical care, or other corrective treatments as efficiently as possible" (Article 3553 ( a) , thus enabling, overcoming concerns about a potential deal not compatible, either with reeducation purpose that eventually, with the health of the detainee;



EXHIBIT C

[SIGNATURE]                                                                                                                    [SIGNATURE]

**WHEREAS** it should be excluded that the extradited subject will be subjected to cruel, inhuman or degrading treatment or punishment, or other acts that constitute a violation of the fundamental rights of the person;

**WHEREAS** it should be excluded that the request for extradition may compromise the sovereignty, security or other essential interests of the State;

**WHEREAS,** based on what is established in the judicial phase of the procedure, that there are no identifiable reasons for rejecting the extradition based on the provision provided for in Article III of the Bilateral Treaty;

**GIVEN** Arts. 697, 701, 708 of the Code of Criminal Procedure, and the Extradition Treaty mentioned above;

### GRANTS

To the Government of the United States of America the extradition of Mexican citizen **YARRINGTON RUVALCABA Tomas Yesus,** born in Mexico on 3.7.1957, based on the arrest warrant issued on 5.22.2013 by the Federal Grand Jury of the U. S. District Court for the Southern District of Texas, to be tried for 10 charges communicated to the extradited subject by means of *indictment* (indictment finalized at trial), and in particular: participation in a criminal activity completed with *racketing* (charge l); participation in association to commit a crime *(conspiracy)*, trafficking of cocaine and marijuana, narcotic substances destined for illegal importation into the United States of America (charge 2); participation in an association to commit crimes *(conspiracy)*for money laundering (charge 3); participation in an association to commit crimes *(conspiracy)* to produce false declarations to obtain property through financial institutions (charge 5); participation in fraud against financial institutions (charge 6. 7, 8, 9, 10); participation in association to commit a crime *(conspiracy)* to avoid a mandatory report presentation in Texas by a financial institute (charge 11), crimes committed between the year 1999 and 2004;

The extradition was agreed with the express safeguard of the specialty rule in accordance with Art. XVI of the Bilateral Treaty of extradition between Italy and the United States of America.

With the extradited subject, the items eventually confiscated, concerning the crimes for which the extradition was granted, must be delivered to the Government of the United States of America.

Rome, April 18, 2018

THE MINISTER

(ILLEGIBLE SIGNATURE)

EXHIBIT C



(COAT OF ARMS OF THE ITALIAN REPUBLIC)
# STATE POLICE
AIR BORDER POLICE OFFICE
FIUMICINO
Judicial, Administrative and Informative Police Section

FIUMICINO Date of protocol

Air Border Police Office
Fiumicino
Protocol: 0018927 dated 04/20/2018 Departure Cod. Amm. M it

OUTPUT FAX

| | |
|---|---|
| COURT OF APPEALS | FLORENCE |
| GENERAL PROCEDURE BEFORE THE COURT OF APPEALS | FLORENCE |
| MINISTRY OF JUSTICE- DAG DGGP-OFFICE II | ROME |
| MINISTRY OF JUSTICE D.A.P-OF PRISONERS | ROME |
| INTERNATIONAL COOPERATION SERVICE OF POLICE | |
| INTERPOL DIVISION -SIRENE | ROME |
| (MI-123-UB-2-1-4-2018-541-RM-INTERPOL) | |
| INTERNAL SECURITY 400/C | ROME |
| PENITENTIARY CENTER | SOLLICINO |
| DIRECTOR 5TH P.D I.F. ZONE [BORDER POLICE] | HEADQUARTERS |

ISSUED OF ARREST WARRANT EXECUTION OF THE DETAINEE **YARRINGTON RUVALCABA TOMAS YESUS, BORN IN DATE 03/07/1957 IN MEXICO** WITHOUT IDENTIFICATION DOCUMENTS. IT IS INFORMED THAT ON THIS DATE AT 05:15 HOURS, PRISON POLICE STAFF OF THE PENITENTIARY CENTER OF REBIBBIA N.C. ROME- BEFORE THE STAFF OF THIS INVESTIGATION BODY, CARRY OUT THE DELIVERY TO THE US POLICE OFFICIALS OF SAID DETAINED FOR THE AFOREMENTIONED SUBJECT. SUCH OFFICIALS WITH THE DETAINED, AFTER THE FORMALITIES OF LAW, DEPARTING AT 06:40 HOURS APPROXIMATELY THE DIRECT FLIGHT OF THE COMPANY KLM 1596 KL TO AMSTERDAM (NETHERLANDS), TO CONTINUE TO THE UNITED STATES. DURING BOARDING OPERATIONS, ALL REQUIRED ASSISTANCE WAS GIVEN.

**FOR THE JUDICIAL AUTHORITY**
HEAD OF SECTION OF THE JUDICIAL POLICE VQA [ILLEGIBLE] ATTY. G. DI LUCENTE

**OTHER DIRECTORS**
POLARIAN DIRECTOR [AIR POLICE] ATTY. TABARE [ILLEGIBLE]



[SEAL: ILLEGIBLE]



Judicial Administrative and Information Police Section for air scale in Fiumicino- Calle del Aeropuerto
TEL: 06/656104075/406- Fax 06/6529343 email: polaria.pg.fiumicinorm@poliziadistato.it

1

EXHIBIT C



(COAT OF ARMS OF THE ITALIAN REPUBLIC)

# STATE POLICE
AIR BORDER POLICE OFFICE
FIUMICINO
Judicial Police Section

RE: Record of handover of the detainee -
--- **YARRINGTON RUVALCABA Tomas Yesus**, born on 03.07.1957 in Mexico , no documents of identification

In the year 2018, on the 20th of the month of April at 05.15 hours at the offices of the Section of the PG of the Fiumicino-Rome Air Border Police.
The undersigned Officer and Agent of the PG Sov. MEOGROSSI V. and ACC. SANTI Daniele and MAIANI Alessandro, with the Office cited above, officially acknowledge that before us, a person from Prison Police of the Prison Center of Rome- Rebibbia, on the date and time above, has handed over to the Officers of the US Police, named Mario CAMPOS, Gilberto EFRAÌN CONTRERAS and DUSM Mark A. Aicega, the detainee, whose details are detailed at the top of this brief, transferred to the United States by virtue of an arrest warrant issued on 05.22.2013 by the Great Giuri FederaI the District Court of the United States Southern District of Texas.
The defendant, escorted by the aforementioned police staff from the United States, will depart from this air scale, except for unforeseen events, on the flight of the company from n/a KLM KL 1596 at 06:30 hours, direct to Amsterdam (Netherlands), to proceed to the United States.
During the phases of handover and boarding, any assistance was provided, specifying that in case the flight did not depart, the detainee would be retaken by the same Office that led him there, the Officers will only withdraw after leaving the flight.
The above-mentioned record was drawn up and acknowledged, prior reading, and signed by all the intervening parties.

Penitentiary Police Person
(Illegible Signature)

American Police
(Illegible Signature)

PG Polaria Staff [Air Police]
(Illegible Signature and seal)

Judicial Administrative and Information Police Section for air scale in Fiumicino- Calle del Aeropuerto
TEL: 06/656104075/406- Fax 06/6529343 email: polaria.pg.fiumicinorm@poliziadistato.it



2

EXHIBIT C