IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 1:12-CR-435-1 |
| | § | |
| TOMÁS YARRINGTON RUVALCABA | § | |

## DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

TO THE HONORABLE HILDA TAGLE,
SENIOR UNITED STATES DISTRICT JUDGE:

NOW COMES, TOMÁS YARRINGTON RUVALCABA, Defendant herein, by and through his counsel, and moves the Court under Fed. R. Crim. P. 7(f) and the Fifth and Sixth Amendments for a bill of particulars for Counts 1, 4, 5, 8, and 10 of the superseding indictment (Doc. 20).

The requested particulars are:

1.   The identity of the "members and associates" of the enterprise charged in Count 1.

2.   Facts supporting the allegation in Count 1 that "[t]he enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." Doc. 20 at 1-2.

3.   The "statements . . . to institutions, the deposits of which are insured by the Federal Deposit Insurance Corporation" alleged in Count 4 and the respect in which those "statements" were "false."

4.      The "pretenses, representations and promises" alleged in Counts 5, 8, and 10 and the respect in which those "pretenses, representations and promises" were "false and fraudulent."

## ARGUMENT

### I.    STANDARDS FOR A BILL OF PARTICULARS.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to order a bill of particulars. The bill serves several critical functions. *See United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987 (per curiam); *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). Its principal purpose is to "furnish the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial." *United States v. United States Gypsum Co.*, 37 F. Supp. 398, 402 (D.D.C. 1941; *see Mackey*, 551 F.2d at 970 (bill of particulars "enable[s] the defendant to prepare his defense with full knowledge of the charges against him"); *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) (bill of particulars "informs the defendant of the charge against him with enough precision that he can prepare his defense [and] avoid or at least minimize surprise at trial"); *United States v. Carriles*, 2010 U.S. Dist. LEXIS 4045, at *3 (W.D. Tex. Jan. 10, 2010) (same). In addition to these functions, the bill of particulars protects the defendant against being tried twice for the same offense. *See United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988); *Mackey*, 551 F.2d at 970. When necessary for these purposes, the defendant is entitled to the bill "as of right," even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature." *United States*

-2-

*Gypsum Co.*, 37 F. Supp. at 403); *see, e.g., United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (if bill of particulars is necessary to give the defendant adequate notice of the charges, "it will be required even if the effect is disclosure of evidence or of theories") (quotation omitted).

Because bills of particulars serve critical functions, provisions authorizing courts to grant particulars should be "liberally interpreted." *United States v. O'Connor*, 237 F.2d 466, 476 (2d Cir. 1956). The 1966 amendment to Rule 7(f), eliminating the requirement that cause be shown before a bill of particulars will be ordered, was "designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Advisory Committee Notes, 39 F.R.D. 69, 170; *see United States v. Bin Laden*, 92 F. Supp. 2d 225, 232-33 (S.D.N.Y. 2000); *United States v. Rogers*, 617 F. Supp. 1024, 1028 (D. Colo. 1985). The 1966 amendment had the effect of "increas[ing] the instances in which particulars are granted, thus contributing to a desirable decline in the 'sporting theory' of criminal justice." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971) (footnote omitted). In accordance with the purpose of the amendment, the defense should be "given the benefit of the doubt in gray areas." *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979), *aff'd on other grounds*, 665 F.2d 616 (5th Cir. 1982); *see Rogers*, 617 F. Supp. at 1027-28 ("If the competing interests of the defense and the government are closely balanced, the interests of the defendant in disclosure must prevail.").

## II. THE COURT SHOULD ORDER PARTICULARS HERE.

### A. Count 1.

As Yarrington notes in his motion to dismiss Counts 1, the "enterprise" element has a "central role" under RICO, *United States v. DeFries*, 129 F.3d 1293, 1310 (D.C. Cir. 1997), and constitutes an "essential element of a RICO claim," *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 426 (5th Cir. 1987). But the RICO conspiracy charge in Count 1 omits critical information about the alleged enterprise, including the identity of its "members and associates" and facts supporting the boilerplate allegation that "[t]he enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." Doc. 20 at 1-2. Especially in light of the 15-year time-span of the alleged conspiracy and the large number of disparate persons and entities referred to in the "overt acts" section of Count 1, these particulars are necessary to "inform[] [Yarrington] of the charge against him with enough precision that he can prepare his defense [and] avoid or at least minimize surprise at trial." *Sherriff*, 546 F.2d at 606.

### B. Counts 4, 5, 8, and 10.

Counts 4, 5, 8, and 10 purport to charge a conspiracy to make false statements to banks (Count 4), a conspiracy to commit bank fraud through "false and fraudulent pretenses, representations and promises" (Count 5), and substantive bank fraud, also through "false and fraudulent pretenses, representations and promises" (Counts 8 and 10). But Count 4 does not identify the "statements" at issue or the respect in which they were

-4-

false, and Counts 5, 8, and 10 similarly do not identify the "pretenses, representations and promises" at issue or the respect in which they were "false and fraudulent."

Without this information, Yarrington will almost certainly encounter prejudicial surprise at trial. As the litany of overt acts in Count 4 suggests, the case will involve dozens of interactions with multiple banks over a nine-year period. Each of those interactions apparently could, in the government's view, form the basis for the conspiracies alleged in Counts 4 and 5. And even though Counts 8 and 10 focus on applications for particular loans, it is impossible to know from the indictment which of the many representations each application involved the government will contend was "false and fraudulent."

Given such a proliferation of potential representations at issue, a bill of particulars is essential. *See, e.g., Bortnovsky*, 820 F.2d at 574-75 (district court abused discretion in failing to require government to provide particulars concerning dates of alleged fake burglaries and identity of alleged fraudulent documents; reversing conviction); *Carriles*, 2010 U.S. Dist. LEXIS 4045, at *4-*7 (ordering particulars where obstruction charge relied on an open-ended allegation that the defendant "provided false information in written submissions and in response to questions during interviews, to immigration officials . . . as well as claiming on numerous occasions that he did not recall certain statements he made during an interview . . . and that he did not understand the English language"); *see also, e.g., United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) ("In the case of fraud or perjury, it is critical that the government identify in the indictment the dates of the fraudulent conduct, the specific fraudulent documents, and the fraudulent statements within the documents.") (ordering bill of particulars); *United States v. Anderson*, 441 F. Supp. 2d

15, 20 (D.D.C. 2006) (requiring particulars concerning false statements in obstruction, tax evasion, and fraud case); *United States v. Lino*, 2000 U.S. Dist. LEXIS 18753, at *20 (S.D.N.Y. Jan. 2, 2001) ("courts routinely award" particulars concerning alleged false statements); *United States v. Nachamie*, 91 F. Supp. 2d 565, 574 (S.D.N.Y. 2000) (requiring particulars concerning alleged false claims); *United States v. Trie*, 21 F. Supp. 2d 7, 21-22 (D.D.C. 1998) (requiring particulars about alleged false statements); *Rogers*, 617 F. Supp. at 1029 ("[T]he government must provide particularization of allegedly false statements made by defendants. . . . General allegations of false statements and testimony are not sufficient.").

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court order the government to provide the particulars requested above.

Respectfully submitted,

*/s/ Chris Flood*
Chris Flood
Federal I.D. No. 9929
Email: chris@floodandflood.com
FLOOD & FLOOD
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877
(713) 223-8879 fax

*/s/ Mervyn Mosbacker, Jr.*
Mervyn Mosbacker, Jr.
Email: mervynmosbacker@yahoo.com
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
(713) 526-2246

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Assistant United States Attorney Jon Muschenheim who stated the United States is opposed to this motion.

*/s/ Chris Flood*
Chris Flood

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to all filing users.

*/s/ Chris Flood*
Chris Flood