UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 1:12-cr-435-S1 |
| **TOMAS YARRINGTON RUVALCABA** | § | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT AS IMPERMISSIBLY VAGUE

COMES NOW the United States of America, by and through Ryan K. Patrick, the United States Attorney for the Southern District of Texas, and Karen Betancourt, Assistant United States Attorney, and files this Response to Defendant's Motion to Dismiss Various Counts of the Indictment as Impermissibly Vague, and as good cause would show the Court the following:

**I.**

Defendant Yarrington filed a motion on March 2, 2020 requesting that the Court dismiss Counts 1, 4, 5, 8, and 10, alleging they are impermissibly vague. (Document 143). The Government contends that the 53 page speaking indictment against defendant Yarrington provides more than sufficient detail to ward off a vagueness challenge. (Document 20).

**II. Count One**

The defendant is charged in Count One with engaging in a criminal enterprise whose members conspired to engage in a pattern of racketeering activity, in violation of Title 18, United States Code, Section 1962(d). Defendant Yarrington believes this count is defective because it fails to identify the members of the enterprise that form the core of that charge and fails to adequately describe the alleged enterprise. The members of the enterprise are clearly discernible from the discovery provided in this case. With respect to the description requirement, it is clearly adequate as it describes an association in fact enterprise under 18 USCA 1961(4).

> "As we said in *Turkette*, an association-in-fact enterprise is simply a continuing unit that functions with a common purpose. Such a group need not have a hierarchical structure or a "chain of command"; decisions may be made on an ad hoc basis and by any number of methods—by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, nothing in RICO exempts an enterprise whose associates engage in spurts of activity punctuated by periods of quiescence. Nor is the statute limited to groups whose crimes are sophisticated, diverse, complex, or unique; for example, a group that does nothing but engage in extortion through old-fashioned, unsophisticated, and brutal means may fall squarely within the statute's reach.

*Boyle v. United States*, 556 U.S. 938, 948, 129 S. Ct. 2237, 2245–46, 173 L. Ed. 2d 1265 (2009).

As a general rule, a count charging either a RICO substantive or conspiracy violation is sufficient when it: (1) tracks the governing statutory language as to all the essential elements of the charged offenses, "(2) 'fairly informs a defendant of the charge against which he must defend' and (3) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Titterington*, 374 F.3d 453, 456 (6th Cir. 2004), (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The Fifth Circuit responded to a similar claim to dismiss an allegedly defective RICO count in the *Mitchell* case, as follows:

> To establish a section 1962(c) violation, the government must prove the existence of an enterprise, the defendant's employment by or association with that enterprise, and the defendant's conduct of or participation in the conduct of the enterprise's affairs through a pattern of racketeering activity. *United States v. Cauble,* 706 F.2d 1322, 1331 (5th Cir.1983); *United States v. Phillips,* 664 F.2d 971, 1011 (5th Cir.1981). The "enterprise" is not synonymous with the "pattern of racketeering activity," but is an entity separate and apart from the pattern of activity in which it engages. Thus, in every case the government must prove not only that there was a pattern of racketeering activity, but that it was conducted through a defined enterprise. *Cauble,* 706 F.2d at 1331. Section 1962(d) makes it illegal to conspire to violate the above-described substantive provision of RICO. Both section 1962(d) and section 1962(c) require that the enterprise affect interstate commerce. *Cauble,* 706 F.2d at 1331.

2

>With the elements of sections 1962(c) and (d) in mind, we examine the sufficiency of the indictment. The purpose of an indictment, of course, is to inform the accused of the charges against him. An indictment is sufficient if it contains the elements of the offenses charged, fairly informs the defendant of the charges he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense. *Cauble,* 706 F.2d at 1333; *United States v. Stratton,* 649 F.2d 1066, 1073 (5th Cir.1981). Here the substantive RICO count defined the enterprise as "a group of individuals associated in fact, to promote and facilitate the illegal importation and smuggling of multi-ton quantities of marijuana into the United States from places outside the United States, and the distribution of said marijuana." The RICO count delineated fourteen acts of racketeering activity by date, specified the participants involved by name, and laid out the elements of the offense. It is clear that the defendants received adequate notice of the charges against them and are able to plead their convictions in bar of future prosecutions for the same offense. The substantive RICO count thus adequately defined the "enterprise" involved.

*United States v. Mitchell*, 777 F.2d 248, 258–59 (5th Cir. 1985)

The indictment sufficiently alleges the existence of an enterprise comprised of members of the state government of Tamaulipas, Mexico independent businessmen including co-defendant Fernando Cano, and the Gulf Cartel/Zeta Drug Trafficking Organization.

In *United States v. Sutherland*, 656 F.2d 1181, 1197 (5th Cir.1981), the Fifth Circuit, likewise, rejected a "lack of specificity" challenge to a RICO conspiracy count where it identified the pattern of racketeering activity as "a number of bribes that occurred between November 1975 and January 1980," "to have occurred in the Western District of Texas," and the count cited and tracked the applicable bribery statute. The instant indictment against Yarrington goes much further than the *Sutherland* indictment and alleges the specific type of racketeering offenses that the conspirators agreed would be committed and cites the appropriate statutory violations.

### III. Count Four

Count Four's defect, according to the defendant, is that it does not allege the statements that were the object of the alleged conspiracy or the respect in which those unidentified statements were false. The defendant is charged in Count Four, with conspiracy to make false statements to

3

a financial institution for the purpose of obtaining a loan, in violation of Title 18, United States Code, Sections 371 and 1014. Voluminous discovery has been provided in the form of loan documents and witness statements providing these details to the defense. However, this point may be moot since the United States recognizes the specialty issue raised by the defense in their Motion to Dismiss Count Four. (Document 142)

### IV.  Counts Five, Eight and Ten

Counts 5, 8, and 10, bank fraud violations, all share the same failing, according to the defendant. He argues that the charged count must identify the alleged false and fraudulent pretenses, representations, and promises, or state the respect in which they were false. He also argues that the counts are vague because it omits the element of materiality. The counts clearly delineate the dates of the offenses, the financial institutions involved, and the name on the loan. Proving how the loans were false is part of the government's burden of proof at trial. It is enough if the indictment tracks the language of the statute. "An indictment is sufficient if it contains the elements of the offenses charged, fairly informs the defendant of the charges he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." *Cauble*, supra, 706 F.2d at 1333; *United States v. Stratton*, 649 F.2d 1066, 1073 (5th Cir.1981).

With respect to materiality, it is a necessary part of the jury charge (See 5th Circuit Pattern Charge 2.58B). The word "willfully" or other materiality term is not a necessary part of the indictment. See, for example, the Second Circuit's well-reasoned opinion below:

> We first address the claim that the indictment was defective because it failed to state that appellant's fraudulent acts were material. It is true that a bank fraud conviction requires a showing that the fraudulent conduct was material, *Neder v. United States*, 527 U.S. 1, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), although the bank fraud statute does not contain that actual word. 18 U.S.C. § 1344. In *Neder*, the Supreme Court held that materiality was an element of bank fraud because the

4

word fraud incorporated fraud's "well-settled meaning at common law"—a "misrepresentation or concealment of material fact." Id. at 22, 119 S.Ct. 1827. Appellant claims, therefore, that the indictment is insufficient because it does not explicitly use the word "material." Appellant did not raise this issue in the district court, and thus we review only for plain error. *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir.2006) (per curiam).

There was no error. If materiality can be inferred to be an element of criminal fraud because of the well-understood meaning of "fraud" as a legal term, an allegation of materiality can be inferred from use of the word fraud in the indictment. Moreover, as commonly understood among both lawyers and laypersons, "fraud" refers to conduct or speech intended to mislead the putative victim into parting with money or property. See *United States v. Resendiz–Ponce*, 549 U.S. 102, 127 S.Ct. 782, 784, 166 L.Ed.2d 591 (2007) (agreeing with the Government that "the indictment at bar implicitly alleged that respondent engaged in the necessary overt act simply by alleging that he attempted to enter the United States," because "[n]ot only does the word "attempt" as used in common parlance connote action rather than mere intent, but more importantly, as used in the law for centuries, it encompasses both the overt act and intent elements" of the crime of attempted illegal reentry (internal quotation marks omitted)). The materiality of the misleading conduct or speech is therefore at the heart of the word "fraud." Conduct or speech that is immaterial—irrelevant—to a putative victim cannot be fraud. Finally, each of the counts on which appellant was convicted contained an allegation that he obtained money or credit "by means of false or fraudulent ... representations." Again, one cannot fraudulently induce a victim to part with money or credit "by means of" immaterial representations.

*United States v. Klein*, 476 F.3d 111, 113–14 (2d Cir. 2007), as corrected (Mar. 8, 2007)

### V.

The United States requests that the Defendant's Motion to Dismiss the Indictment as Impermissibly Vague be denied.

                                        Respectfully submitted,

                                        RYAN K. PATRICK
                                        UNITED STATES ATTORNEY

                                        By:  *s/ Karen Betancourt*
                                        **KAREN BETANCOURT**
                                        Assistant United States Attorney
                                        Fed. Bar No. 847429
                                        Texas Bar No. 00790685
                                        600 E. Harrison St., #201

Brownsville, TX 78520
Tel: (956) 548-2554
Fax: (956) 548-2711

## CERTIFICATE OF SERVICE

I, Karen Betancourt, attorney for the government, hereby certify that a copy of the Government's Response to Defendant's Motion to Dismiss the Indictment as Impermissibly Vague has been provided by Notice of Electronic Filing March 18, 2020.

**s/ Karen Betancourt**
KAREN BETANCOURT
ASSISTANT UNITED STATES ATTORNEY