UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 1:12-cr-435-S1 |
| **TOMAS YARRINGTON RUVALCABA** | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR BILL OF PARTICULARS**

COMES NOW the United States of America, by and through Ryan K. Patrick, the United States Attorney for the Southern District of Texas, and Karen Betancourt, Assistant United States Attorney, and files this Response to Defendant's Motion for Bill of Particulars, and as good cause would show the Court the following:

**I.**

Defendant Yarrington filed a motion on March 2, 2020 requesting that government be required to file a bill of particulars.

**II.**

The defendant is charged in a 53 page speaking indictment which describes the conduct in great detail and sufficiently notices the defendant of the charges against him defeating the need for a bill of particulars. (Document 20). Yarrington is charged in Count One with engaging in a criminal enterprise whose members conspired to engage in a pattern of racketeering activity, in violation of Title 18, United States Code, Sections 1962(d); in Count Two, with conspiracy to distribute cocaine and marijuana, in violation of Title 21, United States Code, Sections 963 and 959; in Count Three, with conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(2)(B)(i), 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii); in Count Four, with conspiracy to make false statements to a financial institution for the purpose of

obtaining a loan, in violation of Title 18, United States Code, Sections 371 and 1014; in Count Five, with conspiracy to make false representations in order to obtain moneys owned by financial institutions, in violation of Title 18, United States Code, Sections 1349 and 1344; in Counts Six through Ten, with attempt and/or aiding and abetting the making of false representations in connection with a scheme to obtain moneys owned by financial institutions, in violation of Title 18, United States Code, Sections 1344 and 2; and in Count Eleven, with conspiracy to cause a financial institution to fail to file a required report, in violation of Title 18, United States Code, Section 371 and Title 31, United States Code, Section 5324. The counts clearly delineate the dates of the offenses, the activities involved, and the other necessary elements of the offenses.

The defendant's motion seeks the facts and details of the government's case against the defendant which have been made known to the defendant through voluminous discovery and a "show and tell" discovery conference. The government has made substantial discovery efforts in this case. We have met with the defendant and counsel to outline the government's case; offered to meet again to answer questions or review documents; provided agent reports, photographs, draft exhibits, financial reports/documents, and *Jencks* material well in advance of trial.

### III.

It is well established that the *sole* purpose of a bill of particulars is to inform the defendant of the charge(s) that lie against him in sufficient detail to enable adequate defense preparation and to minimize surprise at trial and then, *only* in the court's discretion, when a defendant is not sufficiently provided such notice via the indictment. *United States v. Diecidue*, 603 F. 2d 535, 563 (5th Cir. 1979), *cert. denied sub nom., Antone v. United States* and *Gispert v. United States*, 445 U.S. 946, 100 S. Ct. 1345, 63 L.Ed. 2d 781 (1980), *Miller v. United States*, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed. 2d 266 (1980); *United States v. Sullivan*, 421 F. 2d 676, 677 (5th Cir. 1970); *United*

*States v. Bearden*, 423 F. 2d 805, 809 (5th Cir. 1970); *United States v. Hawkins*, 661 F.2d 436, 451 (5th Cir. 1981); *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989) *see also United States v. Campbell*, 710 F. Supp. 641 (N.D. Texas 1989).

It is equally well established in Federal and 5th Circuit jurisprudence that a bill of particulars *cannot* be used to:

a) obtain the Government's theory of the case; *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978);

b) obtain *generalized* discovery, *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978);

c) obtain a *detailed* disclosure of the Government's evidence in advance of trial, *United States v. Bearden*, 423 F.2d 805, 809 (5th Cir. 1970) *see also Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965) and *Johnson v. United States*, 207 F.2d 314, 320 (5th Cir. 1953);

d) obtain all of the evidentiary facts, *United States v. Hajecate*, 683 F. 2d 894 (5th Cir. 1982), *cert. denied*, 461 U.S. 927, 103 S.Ct. 2086, 77 L.Ed. 2d 298 (1983);

e) obtain or discover all overt acts that might be proved at trial, *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976);

f) obtain the names and address of the Government's witnesses, *United States v. Fischel*, 686 F. 2d 1082, 1090 (5th Cir. 1982).

It is well settled that an indictment is sufficient if it charges an offense substantially in the language of the statute and contains all the essential elements. *Wong Tai v. United States,* 47 S.Ct. 300, 301-302 (1927); *United States v. Broome,* 628 F.2d 403, 405 (5th Cir. 1980); *United States v. Cuesta,* 597 F.2d 903, 917 (5th Cir. 1979), *cert. denied,* 100 S.Ct. 451 (1979). The indictment in this case does more than that. It is a speaking indictment, which tracks the language of the applicable statutes, lays out the dates of the illegal activity, the place, the specified unlawful

activities, and names the statute violated. In a conspiracy to commit money laundering and conspiracy to commit bank fraud, the indictment need not allege any overt act in furtherance of the conspiracy. *Whitfield v. United States*, 543 U.S. 209 (2005); *United States v. Anderson,* 558 Fed. Appx 454 (5th Cir. 2014); *United States v. Jones,* 733 F.3d 574, 584 (5th Cir. 2013).

## IV.

There is no requirement to allege specific dates, times, and places in a RICO indictment. In fact, the 5th Circuit has ruled that a RICO count without them is fine. In *United States v. Carlock* the 5th Circuit found that "Carlock, Sr., asserts that he needed dates, times, and places to prepare his defense. We are directed to no identifiable prejudice and are unable to find that Carlock, Sr., was surprised or that he was prejudiced as a result of any denial of the bill. We are therefore not persuaded that the trial court abused its discretion in finding that the indictment stated the charges with sufficient clarity."

*United States v. Carlock*, 806 F.2d 535, 550 (5th Cir. 1986).

## IV.

The denial of a bill of particulars is within the sound discretion of the court and is reviewable only for an abuse of that discretion. *Wong Tai v. United States, supra; United States v. Burgin,* 621 F.2d 1352, 1358-59 (5th Cir. 1980), *cert. denied,* 101 S.Ct. 574 (1980); *United States v. Davis,* 582 F.2d 947, 951 (5th Cir. 1978), *cert. denied,* 99 S.Ct. 2408 (1979). Upon the denial of a bill of particulars, a defendant must show a clear abuse of discretion by the court and must show actual surprise at trial or substantial prejudice. *United States v. Vasquez,* 867 F.2d 872, 874 (5th Cir. 1989); *United States v. Carlock,* 806 F.2d 535, 550 (5th Cir. 1986), *cert. denied,* 107 S.Ct. 1611 (1987).

## V.

In short, counsel for the defendant has been expeditiously provided sufficient discovery to provide notice to the defendant sufficient for him to avoid surprise at trial, to enable adequate defense preparation and to illuminate for him the dimensions of jeopardy. Nothing *more* is required under the law. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978); *United States V. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977).

The United States requests that the defendants' Motion for Bill of Particulars be denied.

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: *s/ Karen Betancourt*
**KAREN BETANCOURT**
Assistant United States Attorney
Fed. Bar No. 847429
Texas Bar No. 00790685
600 E. Harrison St., #201
Brownsville, TX 78520
Tel: (956) 548-2554
Fax: (956) 548-2711

## CERTIFICATE OF SERVICE

I, Karen Betancourt, attorney for the government, hereby certify that a copy of the Government's Response to Defendant's Motion for Bill of Particulars has been provided by Notice of Electronic Filing March 18, 2020

**s/ Karen Betancourt**
KAREN BETANCOURT
ASSISTANT UNITED STATES ATTORNEY