IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 1:12-CR-435-1 |
| | § | |
| TOMÁS YARRINGTON RUVALCABA | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS 1, 4, 5, 8, AND 10 BECAUSE THE INDICTMENT IS IMPERMISSIBLY VAGUE**

TO THE HONORABLE HILDA TAGLE,
SENIOR UNITED STATES DISTRICT JUDGE:

NOW COMES, TOMÁS YARRINGTON RUVALCABA, Defendant herein, by and through his counsel, and submits this reply in support of his motion to dismiss Counts 1, 4, 5, 8, and 10 of the superseding indictment because those counts are impermissibly vague (Doc. 143).

## ARGUMENT

### I. INTRODUCTION.

The government's opposition (Doc. 145) rests on two fundamental misconceptions, which we address before turning to the specific counts at issue. First, the government asserts that an indictment is sufficient if it tracks the words of the statute. As the Fifth Circuit has recognized, however, an indictment must do more than track the statutory language when--as here--the statute uses generic terms and the allegation at issue goes to the "core of criminality" of the offense. *United States v. Kay*, 359 F.3d 738, 756-59 (5th Cir. 2004); *see, e.g., Russell v. United States*, 369 U.S. 749, 765 (1962); *United States v.*

*Cruikshank*, 92 U.S. (2 Otto) 542, 558 (1876); *United States v. Pirro*, 212 F.3d 86, 99 (2d Cir. 2000); *United States v. Adams*, 778 F.2d 1117, 1125 n.12 (5th Cir. 1985). The *Kay* principle controls here.

Second, the government suggests that discovery can cure an insufficient indictment. Doc. 145 at 1, 4. This is plainly wrong. Just as a bill of particulars cannot save an insufficient indictment, *see, e.g.*, *Russell*, 369 U.S. at 770; *United States v. Hoover*, 467 F.3d 496, 498 n.2 (5th Cir. 2006), neither can discovery. The Fifth Amendment grand jury clause guarantees that a defendant cannot be "convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Russell*, 369 U.S. at 770. The grand jury that indicted Yarrington did not find, and may not even have seen, the alleged facts contained in the discovery materials the government has made available to the defense.

## II. COUNT 1.

On Count 1, the government relies principally on two cases: *United States v. Mitchell*, 777 F.2d 248 (5th Cir. 1985), and *United States v. Sutherland*, 656 F.2d 1181 (5th Cir. 1981).[1] Neither supports the government's position. *Mitchell* provides little detail about the indictment in that case, but it notes that the RICO count, in addition to reciting the language of the statute, identified the purposes of the enterprise (importation and distribution of marijuana) and "delineated fourteen acts of racketeering by date, specified the participants involved by name, and laid out the elements of the offense." *Mitchell*, 777

[1] The government also cites *United States v. Titterington*, 374 F.3d 453 (6th Cir. 2004). But *Titterington* involved a statute of limitations issue and has no bearing here.

F.2d at 259. That is far more precise information than the RICO conspiracy count provides here. *Sutherland* did not involve a challenge to the indictment's "enterprise" allegations; the appellants instead argued that the indictment did not provide the dates and places certain acts occurred and did not quote the state bribery statute that formed the basis for the RICO predicate acts. *Sutherland*, 656 F.2d at 1197. The "enterprise" allegation in *Sutherland* was straightforward: it consisted of "the Municipal Court of the City of El Paso." *Id*. at 1191. The indictment in this case provides no similarly clear identification of the enterprise.

The government asserts that "[t]he indictment sufficiently alleges the existence of an enterprise comprised of members of the state government of Tamaulipas, Mexico independent businessmen including co-defendant Fernando Cano, and the Gulf Cartel Zeta Drug Trafficking Organization." Doc. 145 at 3. Of course, the *indictment* does not provide this specificity concerning the membership of the alleged enterprise; the government's statement in its brief is in the nature of a bill of particulars, which, as noted, cannot cure a defective indictment. Moreover, the sprawling nature of the enterprise the government now describes highlights the absence of any particulars about its structure, functioning, or continuity. *See First Capital Asset Management v. Satinwood, Inc.*, 385 F.3d 159, 174-75 (2d Cir. 2004).

Count 1 is plainly insufficient and must be dismissed.

## III. COUNTS 5, 8, AND 10.

On Counts 5, 8, and 10,[2] the government does not cite a single case that has upheld a bank fraud charge that omits the "pretenses, representations and promises" at issue and fails to specify the respect in which those "pretenses, representations and promises" are false. As Yarrington showed in his motion, a number of cases have held similar indictments insufficient. Doc. 143 at 10-11, 13-14. Counts 5, 8, and 10 must be dismissed on this ground.

These counts are also insufficient because they fail to allege materiality. The government cites a Second Circuit plain-error case concluding that materiality can be inferred merely from the use of the word "fraud" in the indictment. Doc. 145 at 4-5 (citing *United States v. Klein*, 476 F.3d 111 (2d Cir. 2007)). The Fifth Circuit, however, has not adopted the *Klein* analysis. In this Circuit, the element of materiality need not be expressly alleged if it can be inferred from other allegations in the indictment. *See, e.g., United States v. Bieganowski*, 313 F.3d 264, 285-86 (5th Cir. 2002) (mail fraud); *United States v. Richards*, 204 F.3d 177, 192 (5th Cir. 2000) (mail and wire fraud); *United States v. McGough*, 510 F.2d 598, 602 (5th Cir. 1975) (18 U.S.C. § 1001).

None of these cases suggests that materiality can be inferred simply from the word "fraud"; rather, they look to the nature of the alleged falsehoods to determine if an inference of materiality is permissible. As *Bieganowski* puts it, "an allegation of fraud in an indictment will be sufficient *so long as 'the facts alleged in the indictment warrant an*

---

[2] Because the parties agree that Count 4 must be dismissed as to Yarrington under the rule of specialty, we do not address it further.

*inference that the false statement is material*.'" 313 F.3d at 285 (quoting *McGough*, 510 F.2d at 602) (emphasis added); *see, e.g.*, *Richards*, 204 F.3d at 192-93. Here, no such inference is possible, because Counts 5, 8, and 10 do not allege what was false in the loan applications at issue. For this reason as well, the counts are insufficient and must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court dismiss Counts 1, 4, 5, 8, and 10 of the superseding indictment.

Respectfully submitted,

*/s/ Chris Flood*

Chris Flood
Federal I.D. No. 9929
Email: chris@floodandflood.com
FLOOD & FLOOD
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877
(713) 223-8879 fax

*/s/ Mervyn Mosbacker, Jr.*

Mervyn Mosbacker, Jr.
Email: mervynmosbacker@yahoo.com
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
(713) 526-2246

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification of such filing to all filing users.

*/s/ Chris Flood*
Chris Flood